# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JOHN DOE ONE; JOHN DOE TWO; and JOHN DOE THREE, on behalf of themselves and all similarly situated individuals,<br><br>*Plaintiffs,*<br>v.<br><br>CVS HEALTH CORPORATION; CAREMARK, L.L.C.; CAREMARK Rx, L.L.C.; FISERV, INC., FISERV SOLUTIONS, LLC; and DEFENDANTS DOES 1–10,<br><br>*Defendants.* | No. _____<br><br>CLASS ACTION<br><br>(1) Unauthorized, Unprivileged Disclosure to a Third-Party of Nonpublic Medical Information; and<br>(2) Violation of Ohio Rev. Code § 3701.243<br><br><br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

TERRY L. KILGORE (0014692)
1113 Northridge Oval, Bldg.13
Brooklyn, OH 44144-3262
Telephone: (614) 648-6009
Fax: (216) 600-5494
tksquire13@gmail.com

WHATLEY KALLAS LLP
JOE R. WHATLEY (to apply *pro hac vice*)
EDITH M. KALLAS (to apply *pro hac vice*)
1180 Avenue of the Americas
20th Floor
New York, NY 10036
Telephone: (212) 447-7060
Fax: (800) 922-4851
jwhatley@whatleykallas.com
ekallas@whatleykallas.com

Attorneys for Plaintiffs
[Additional counsel appears on signature page.]

## INTRODUCTION

1. The Plaintiffs,[1] who are HIV-positive individuals, bring this action based on the above-listed Defendants' ("Defendants") unauthorized public disclosure of over 6,000 persons' HIV status. Except where specifically noted as being based on personal knowledge, the allegations herein are based on information and belief formed after an inquiry, reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PARTIES

2. On personal knowledge, Plaintiff John Doe One is an individual residing in Delaware County, Ohio. He is a client of the Ohio HIV Drug Assistance Program ("OhDAP"). In or about August 2017, he received the mailing at issue herein disclosing his HIV status and suffered injury in fact as a result thereof.

3. On personal knowledge, Plaintiff John Doe Two is an individual residing in Defiance County, Ohio. He is a client of OhDAP. In or about August 2017, he received the mailing at issue herein disclosing his HIV status and suffered injury in fact as a result thereof.

---

[1] Due to the sensitive nature of this action, Plaintiffs have chosen to file under fictitious names. *See, e.g.*, *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (noting that a court may "excuse plaintiffs from identifying themselves in certain circumstances" and that one consideration in that analysis is whether "prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'") (citation omitted); *S.G. v. Mears Transp. Grp., Inc.*, No. 6:14-cv-917-Orl-37, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (listing persuasive authority while finding that plaintiff's HIV-related privacy interests outweighed the need for disclosure and granting HIV-positive plaintiff's motion to proceed anonymously); *Doe v. Kaweah Delta Hosp.*, 1:2008CV00118, 2010 U.S. Dist. LEXIS 135808 (E.D. Cal., Dec. 22, 2010) (AIDS/HIV patient permitted to proceed anonymously).

4. On personal knowledge, Plaintiff John Doe Three is an individual residing in Gallia County, Ohio. He is a client of OhDAP. In or about August 2017, he received the mailing at issue herein disclosing his HIV status and suffered injury in fact as a result thereof.

5. Defendant Caremark, L.L.C. is a foreign limited liability company with its principal place of business in Rhode Island. Caremark, L.L.C. entered into an agreement effective July 2017 with the State of Ohio in response to a February 2017 request for proposal to operate as the pharmacy benefits manager for the State's Ryan White Program, which agreement resulted in CVS being responsible for the mailings and illegal disclosures at issue herein. Defendant CVS Health Corporation is a foreign corporation with its principal place of business in Rhode Island and its Chief Privacy Officer claimed to take responsibility for investigating the disclosures at issue herein. CVS Health Corporation is the ultimate parent of Caremark, L.L.C., and engages in substantial business and transactions in Ohio, operating either directly or indirectly approximately 320 CVS pharmacy retail stores, 59 pharmacies within Target Corp. stores, and a specialty mail-order pharmacy that services customers across Ohio. Defendant Caremark Rx, L.L.C. is a Delaware limited liability company with its principal place of business in Rhode Island. Caremark Rx, L.L.C. is a subsidiary of CVS Health Corporation and the immediate or indirect parent of many mail-order, pharmacy benefit management, insurance, and specialty mail and retail specialty pharmacy subsidiaries and thus is also responsible for ensuring the protection of the protected health information that was illegally disclosed. Caremark, L.L.C., CVS Health Corporation, and Caremark Rx, L.L.C. will be collectively referred to as "CVS" in this Complaint.

6. Defendant Fiserv, Inc. is a foreign corporation with its principal place of business in Wisconsin. On its own or through its subsidiary Fiserv Solutions, LLC, it was contracted by

CVS to mail information to Plaintiffs and thousands of individuals throughout Ohio, including the mailings and illegal disclosures at issue herein.

7. Defendant Fiserv Solutions, LLC is a foreign Limited Liability Company with its principal place of business in Wisconsin. Fiserv Solutions, LLC is a wholly-owned subsidiary of Fiserv, Inc. Fiserv Solutions, LLC, on its own or through Fiserv Inc., was contracted by CVS to mail information to Plaintiffs and thousands of individuals throughout Ohio, including the mailings and illegal disclosures at issue herein, and appears to be the entity that disseminated the mailing at issue herein. Fiserv, Inc. and Fiserv Solutions, LLC will be collectively referred to as "Fiserv" in this Complaint.

8. Defendant Does 1–10 are entities whose identities are not currently known or verified. As the true names, roles and capacities of Defendants named as Does 1–10 are currently unknown to Plaintiffs, they are therefore named as Defendants under fictitious names. Plaintiffs will identify their true identities and their involvement in the wrongdoing at issue if and when they become known. All Defendants' conduct described herein, including that of Does 1–10, was undertaken or authorized by Defendants' officers or managing agents who were responsible for the supervision and operation decisions relating to the wrongdoing here at issue. The described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by such managing agents. By engaging in the conduct described herein, Defendants agreed with each other, the Doe Defendants and/or other third-parties to engage in the illegal conduct at issue herein. As set forth below, Defendants unjustly profited as a result of these agreements in violation of the laws and

regulations detailed herein. As a result of such agreements, the Defendants named and to be named herein conspired and aided and abetted each other in violating the laws set forth herein.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the Class (as defined below) is a citizen of a State (Ohio) different from Defendants CVS (Rhode Island) and Fiserv (Wisconsin). As set forth below, the Defendants illegally disclosed the HIV status of approximately 6,000 people without authorization. Ohio courts have awarded at least $6,000 in damages for individuals whose HIV status has been disclosed without authorization. The potential for a similar award in this Court shows that the amount in controversy is in excess of $5,000,000.

10. Venue is appropriate in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and at least one of the Plaintiffs resides in this District.

## FACTUAL ALLEGATIONS

11. OhDAP was initially established in 1990 under the Ryan White HIV/AIDS Treatment Extension Act, 42 U.S.C. §§ 300ff, *et seq*. This federal legislation has been renewed four times -- 1996, 2000, 2006 and 2009 -- and is now called the Ryan White Program within Ohio and nationwide.

12. There are three main components within OhDAP. One component is for direct drug provision for eligible uninsured individuals (*i.e.*, individuals with HIV who are not eligible for Medicaid due to income level or citizenship status). Another component is used to provide premium assistance to eligible individuals (*i.e.*, ACA, Medicare Part D, private health insurance

or the employee copayment or coinsurance portion of employer-based insurance). The last component assists insured individuals with their co-pays for their life-saving HIV specialty medications.

13. In March 2017, the Ohio Department of Health awarded an exclusive contract for pharmaceutical provision services for OhDAP to CVS, effective July 2017. Under that contract, CVS is to provide OhDAP-eligible clients with HIV medications and is responsible for communications with participants relating to such medications.

14. Beginning in approximately late July or early August 2017, Defendants mailed a letter containing membership cards and information about the CVS program and how persons would access their HIV-related prescriptions. This letter was mailed to an estimated 6,000 participants in OhDAP, regardless of whether they were active pharmacy customers of CVS.

15. Even though the information contained in this letter contained the Personal Health Information ("PHI") of each individual, specifically information relating to their HIV-positive status, the envelopes containing these mailings had two clear glassine windows. One, in the upper left, contained the logo of "CVS/caremark," the words "Ohio Department of Health," and an address for the Ohio Department of Health, and the envelope refers in big red letters to "new prescription benefits," thereby revealing that the mailing involved health-related information, including information about prescription medications. A second window contained the recipient's name and address, with the designation "PM 6402 HIV" directly above the person's name. This reference to the recipient's HIV status was plainly visible through the glassine window. The designation "HIV" in the program identification number was not required by the Ohio Department of Health, but rather was created by CVS. Defendants clearly made no advance effort to test or review the disclosure of such information prior to disseminating the mailing,

since had they done so they would have seen that the identification number with "HIV" next to it was prominently visible through the envelope, as shown by the following:



16. The Defendants' combined use of a glassine windowed envelope, their design of the letter containing the HIV status of the individual recipient such that it could be seen through the envelope window instead of using an opaque envelope or a letter that was properly spaced not to publicly reveal such information through the envelope window, and an identification reference with the term "HIV," resulted in the potential or actual disclosure of recipients' HIV status to numerous individuals, including their families, friends, roommates, landlords, neighbors, mail carriers, and complete strangers.

17. The use of envelopes with transparent windows contravenes the standard practice of the Ohio Department of Health, which is to send all mailings relating to HIV-related issues in opaque, non-windowed envelopes.

18. Defendants either knew or reasonably should have known that this mailing was disseminated in violation of both federal and state laws. Defendants also acted with a conscious disregard for the rights and safety of other persons that has a great probability of causing

substantial harm. Defendants knew that it is unlawful and likely harmful to disclose patients' HIV status to the public, and that any persons whose PHI was disclosed were to be separately notified of that breach. CVS's "Notice of Privacy Practices" states, "We are required by law to protect the privacy of your PHI and to provide you with this Notice explaining our legal duties and privacy practices regarding your [Protected Health Information].... You have a right to be notified in the event there is a breach of your unsecured PHI as defined by HIPAA." https://www.cvs.com/content/patient-privacy (accessed March 14, 2018). Fiserv advertises its compliance as well: "From enrollment to payment, let Fiserv help you create, maintain and grow member engagement while adhering to the strongest risk and compliance standards, including HITRUST® CSF® certification." https://www.fiserv.com/customer-channel-management/output-solutions/healthcare-printing.aspx (accessed March 14, 2018). Agreeing to comply with the Health Insurance Portability and Accountability Act ("HIPAA") was also a condition of CVS's contract with the State of Ohio.

19. Contrary to these obligations that Defendants either knew or reasonably should have been aware of, after the mailings disclosing the PHI of over 6,000 Ohio residents were sent, CVS hampered efforts to remediate the damage by failing to notify affected individuals and the United States Department of Health and Human Services, in violation of their own stated privacy policy and in violation of 45 C.F.R. §§ 164.400–414. One of the undersigned counsel sent CVS a letter months ago advising CVS that it had violated HIPAA, asking for verification of the corrective measures that CVS had taken to ensure that breaches will not happen in the future, and demanding that CVS notify the affected individuals. CVS's Chief Privacy Officer acknowledged receipt of the letter and stated that CVS was investigating this claim. Yet CVS did not

communicate further or notify the affected individuals or the Department of Health and Human Services of this breach.

20. Persons with HIV are still subject to stigma, humiliation, mental anguish, embarrassment, and stress based on their HIV status. They may also run the risk of the loss of housing, relationships, and employment when their HIV status is revealed. A 2012 national survey by the Washington Post and the Kaiser Family Foundation showed that fewer than half of respondents would feel "very comfortable" working with someone who has HIV or AIDS, or having a teacher for their children who has HIV or AIDS. Only a third would feel "very comfortable" with having a roommate who is HIV-positive, and fewer than a quarter would feel "very comfortable" having food prepared by someone who is HIV-positive. Washington Post and Kaiser Family Foundation, 2012 Survey of Americans on HIV/AIDS, https://kaiserfamilyfoundation.files.wordpress.com/2013/01/8334-f.pdf.

21. In addition to the general protection against the unwanted or unauthorized disclosure of medical information and PHI under state law, and the statutory and regulatory protections against the disclosure of PHI pursuant to HIPAA, 42 U.S.C. § 1320(d)-6 and the HIPAA Privacy Rules at 45 C.F.R. § 164.500, *et seq.,* the State of Ohio has enacted legislation to specifically protect against the unauthorized disclosure of a person's HIV status such as the Defendants did here, pursuant to Ohio Rev. Code § 3701.243. In addition, applicable law requires companies to specifically identify to consumers who may have access to their PHI. Defendants have violated all of these laws.

22. The damages that result from the unauthorized disclosure of a person's HIV status are significant. For example, an Ohio court awarded damages of $6,000 for the inadvertent disclosure of a prisoner's HIV status, even though the plaintiff presented "no evidence as to the

extent of his emotional distress." *Miller v. Ohio Dep't of Rehab. & Corr.*, No. 2016-00393-AD (Ohio Ct. Cl. Nov. 4, 2016).

23. In addition, Plaintiffs may be without adequate remedy at law, rendering equitable, injunctive and/or declaratory relief appropriate in that: (a) relief is necessary to inform the parties of their rights and obligations under the laws at issue herein; (b) damages may not adequately compensate them for the injuries suffered, nor may other claims permit such relief; (c) the relief sought herein in terms of correcting such practices and precluding the further use of glassine envelopes may not be fully accomplished by awarding damages; and (d) if the conduct complained of is not corrected, harm may continue to result to members of the general public.

24. On personal knowledge, each of the Plaintiffs received the letter in question, publicly revealing their HIV-positive status.

(a) John Doe One feels that CVS has essentially handed a weapon to anyone who handled the envelope, giving them the opportunity to attack his identity or cause other harm to him. He is also experiencing significant distress at home from receiving a mailing that used his name, address, birthdate and PHI from an entity with whom he had no business connection. He is rightfully concerned that members of his local community have or will learn of his HIV status.

(b) John Doe Two lives in a small town and fears the stigma that would result from the disclosure of his HIV status. The more people who know that he is HIV-positive, the less safe he feels. In his town, many people still believe in "guilt by association," and thus his friends and family run the risk of being stigmatized just by being seen with him. He is concerned that people such as his postal delivery person now knows his HIV status, particularly since CVS forces him to obtain his HIV medications by mail order and he receives those medications at the

same address. He is also experiencing significant distress based on the adverse consequences of a similar incident years ago.

(c) John Doe Three lives in a small town where "everyone knows everyone." He does not publicly disclose his HIV status, but has friends and relatives who work for the U.S. Postal Service who would have seen this mailing and discovered his HIV status because of the Defendants' mailing. He is also experiencing significant distress as a result of this disclosure, including an understandable fear to leave his home, and has also experienced increased complications and health issues since this disclosure, up to and including just in the past several days.

## CLASS ALLEGATIONS

25. This action is brought by the Plaintiffs both on behalf of themselves and on behalf of all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Plaintiffs seek to represent the following class ("Class"):

> All participants in OhDAP to whom Defendants sent a mailing in or about July or August 2017 in which the participant's name and the letters "HIV" were visible through the envelope window.

26. The precise number and identity of Class members are unknown to the Plaintiffs but can be obtained from the records of Defendants. News reports have estimated the recipients of the mailings to be more than 6,000 persons.

27. Common questions of law and fact predominate over any questions affecting individual members of the Class. Such common legal and factual questions include the following:

(a) Whether Defendants' conduct was tortious and violated the applicable standard of care;

(b)     Whether Defendants' conduct was unlawful, including in violation of the state and federal statutes and regulations cited above;

(c)     Whether the Class members are entitled to damages and the extent of those damages; and

(d)     Whether the Class members are entitled to injunctive or declaratory relief.

28.     The Plaintiffs' claims are typical of the claims of the Class members because similar mailings to those identified above were sent to Plaintiffs and every Class member.

29.     The Plaintiffs are willing and prepared to serve the Court and the proposed Class in a representative capacity. The Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interests adverse or antagonistic to or that materially and irreconcilably conflict with the interests of the other members of the Class. Based on the facts detailed above, the interests of the Plaintiffs are reasonably coextensive with those of absent Class members.

30.     The Plaintiffs have engaged the services of counsel who are experienced in complex class litigation and the issues raised in this Complaint who will vigorously prosecute this action, and who will assert and protect the rights of and otherwise adequately represent the rights of the Plaintiffs and absent Class members.

31.     Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

32.     By sending similar mailings to thousands of people and later refusing to send notification thereof Defendants have acted or refused to act on grounds generally applicable to

the Class, thereby making injunctive and declaratory relief appropriate respecting the Class as a whole.

33. Because all Class members are seeking the same relief based on the same course of conduct by Defendants, the questions of law or fact common to Class members as set forth in this Complaint predominate over any questions affecting only individual members. Thus, a class action is superior to other available group-wide methods for fairly and efficiently adjudicating this controversy, to the extent necessary in order to maintain this action on behalf of the Class.

34. Damages need not be proven for each Class member because Ohio law permits the award of damages without individualized proof of the extent of emotional distress. But even if damages must be proven individually, the Class can be certified for purposes of determining whether the actions of Defendants were tortious and violated applicable Ohio law.

## CAUSES OF ACTION

### Count I

**Unauthorized, Unprivileged Disclosure to a Third-Party of Nonpublic Medical Information**

35. The Plaintiffs repeat and re-allege the allegations of Paragraphs 1–34 as if fully incorporated and set forth herein.

36. By their actions set forth above, Defendants revealed the HIV status of Class members to anyone who came in contact with the mailings at issue.

37. Defendants acted with a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

38. Defendants have not been authorized by any of the Plaintiffs or Class members to disclose the Plaintiffs' and Class members' HIV status to the public.

39. As a direct and proximate result of Defendants' actions, the Plaintiffs and Class members have suffered damages.

40. The Plaintiffs, on behalf of themselves and all Class members, seek relief, including but not limited to compensatory damages, injunctive relief, declaratory judgment, and punitive damages in amounts according to proof at time of trial.

## Count II

### Violation of Ohio Rev. Code § 3701.243

41. The Plaintiffs repeat and re-allege the allegations of Paragraphs 1–34 as if fully incorporated and set forth herein.

42. Defendants, in sending out the mailing at issue herein in the form described above, did so in connection with providing health care services in this State. Defendants violated Ohio law by disclosing, without receiving advance authorization from the Plaintiffs or any Class members:

> (1) The identity of any individual on whom an HIV test is performed; (2) The results of an HIV test in a form that identifies the individual tested; [or] (3) The identity of any individual diagnosed as having AIDS or an AIDS-related condition.

and without the required disclosures, in violation of Ohio Rev. Code § 3701.243(A)(1)-(3) and (E).

43. As a direct and proximate result of Defendants' actions, the Plaintiffs and Class members have suffered damages.

44. The Plaintiffs and Class members have a private right of action for Defendants' violations of this law. Ohio Rev. Code § 3701.244(B).

45. The Plaintiffs and Class members seek relief, including but not limited to compensatory damages, punitive damages, injunctive relief, declaratory judgment, and attorneys' fees and costs.

- 13 -

- 14 -

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the Class, demand judgment against the Defendants, jointly and severally, as follows:

A. Determine that this action may proceed as a class action under Fed. R. Civ. P. 23, appoint the Plaintiffs as the class representatives, and appoint the Plaintiffs' undersigned counsel as counsel for the Class;

B. Declare that Defendants have engaged in unauthorized, non-privileged disclosure to a third-party of non-public PHI;

C. Declare that Defendants have violated Ohio Rev. Code § 3701.243;

D. Enjoin Defendants from disclosing the medical status of HIV-positive individuals without authorization and from using a glassine envelope for any communications where the HIV status of any individual is disclosed in any way;

E. Enter an injunction prohibiting Defendants from refusing to notify affected individuals and the United States Department of Health and Human Services Office for Civil Rights of the conduct at issue;

F. Award compensatory and punitive damages to the Plaintiffs and the Class;

G. Award reasonable costs and attorneys' fees to the Plaintiffs and the Class;

H. Grant any other relief that the Court deems just.

///

## **JURY TRIAL DEMANDED**

The Plaintiffs, individually and on behalf of the Class, demand a jury trial on all claims so triable.

DATED: March 21, 2018

Respectfully Submitted,

TERRY L. KILGORE (0014692)

*/s/ Terry L. Kilgore*
Terry L. Kilgore
1113 Northridge Oval, Bldg.13
Brooklyn, OH 44144-3262
Telephone: (614) 648-6009
Fax: (216) 600-5494
tksquire13@gmail.com

WHATLEY KALLAS LLP
JOE R. WHATLEY (to apply *pro hac vice*)
EDITH M. KALLAS (to apply *pro hac vice*)
1180 Avenue of the Americas
20th Floor
New York, NY 10036
Telephone: (212) 447-7060
Fax: (800) 922-4851
jwhatley@whatleykallas.com
ekallas@whatleykallas.com

WHATLEY KALLAS LLP
ALAN M. MANSFIELD (to apply *pro hac vice*) (of counsel)
16870 W. Bernardo Drive
Suite 400
San Diego, CA 92127
Telephone: (858) 674-6641
Fax: (855) 274-1888
amansfield@whatleykallas.com

- 16 -

        WHATLEY KALLAS LLP
        HENRY C. QUILLEN (to apply *pro hac vice*)
        159 Middle St.
        Suite 2C
        Portsmouth, NH 03801
        Telephone: (603) 294-1591
        Fax: (800) 922-4851
        hquillen@whatleykallas.com

        CONSUMER WATCHDOG
        JERRY FLANAGAN (to apply *pro hac vice*)
        2701 Ocean Park Blvd.
        Suite 112
        Santa Monica, CA 90405
        Telephone: (310) 392-0522
        Fax: (310) 392-8874
        jerry@consumerwatchdog.org

        *Counsel for Plaintiffs*