UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DOE ONE, *et al.*,

    Plaintiffs,

                                                      Civil Action 2:18-cv-238
                                                      Chief Judge Edmund A. Sargus, Jr.
    v.                                          Magistrate Judge Chelsey M. Vascura


**CVS HEALTH CORPORATION,** *et al.*,

    Defendants.


## ORDER

This matter is before the court for consideration of Plaintiffs' unopposed Motion to Proceed Pseudonymously. (ECF No. 25.) Plaintiffs John Does 1-3 filed their Complaint on March 21, 2018, asserting claims for unauthorized disclosure of medical records against the following Defendants: CVS Health Corporation; Caremark, L.L.C.; Caremark Rx, L.L.C.; Fiserv, Inc.; Fiserv Solutions, LLC; and Does 1-10. (ECF No. 1.) This Court issued a Show Cause Order on April 11, 2018, ordering Plaintiffs to either move for leave to proceed anonymously, or show cause as to why the action should not be dismissed. (ECF No. 20.) On April 25, 2018, Plaintiffs filed the subject Motion, seeking leave to proceed anonymously. (ECF No. 25.) Plaintiffs assert that they have been diagnosed with HIV, and that disclosure of their identities would disclose information of the utmost intimacy. For good cause shown, Plaintiffs' Motion is **GRANTED**, and Plaintiffs may proceed in this action with the pseudonyms John Doe in place of their true identities. (ECF No. 25.)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a).

However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). This case implicates the second *Porter* factor.

As Plaintiffs assert in their Motion, "given the stigma that HIV still carries in much of the country, Plaintiffs would be severely prejudiced by having to publicly disclose their medical condition." (Mot. for Leave to Proceed Anonymously 3, ECF No. 25.) Moreover, Plaintiffs correctly note that many courts throughout the country have found that the privacy interests of plaintiffs infected with HIV outweigh the presumption of openness. *See, e.g.*, *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (granting leave to proceed anonymously and collecting cases). Because Plaintiffs have been diagnosed with HIV, disclosure of their identities would equate to a disclosure of information "of the utmost intimacy." *See Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Accordingly, the Court finds compelling reasons to protect Plaintiffs' privacy and shield them from discrimination and harassment. Therefore, Plaintiffs' Motion for Leave to Proceed Anonymously is **GRANTED**. (ECF No. 25.) In all publicly-filed documents, Plaintiffs shall only be identified as John Doe. All documents filed with this Court that contain the full name of Plaintiffs, or contain information that identifies them, directly or indirectly, shall be filed under seal. The filing

party must also contemporaneously file a public version with any identifying information redacted.

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE