UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE ONE; JOHN DOE TWO;
JOHN DOE THREE, on behalf of themselves
and all similarly situated individuals;**

    **Plaintiffs,**

    **v.**

**CAREMARK, L.L.C.; FISERV, INC.,
FISERVE SOLUTIONS, LLC; and
DEFENDANTS DOES 1-10,**

    **Defendants.**

**and**

**JOHN DOE, Individually and on Behalf
of All Others Similarly Situated,**

    **Plaintiff,**

    **v.**

**CAREMARK, LLC,**

    **Defendant.**

Case No. 2:18-cv-238

**CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

Case No. 2:18-cv-488
**CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs John Doe One, John Doe Two, and John Doe Three's (collectively "*Doe I* Plaintiffs") Motion to Consolidate *John Doe v. Caremark, LLC*, Case No. 2:18-cv-488 with the present case—*John Doe One, et al. v. Caremark, L.L.C., et al.*, Case No. 2:18-cv-238—for "all purposes." (Mot. to Consolidate at 8 [*Doe I* ECF No.49]). The following parties oppose consolidation: Defendant Caremark, L.L.C. ("Caremark") (*Doe I* ECF No. 51); Defendants Fiserv Solutions, LLC and Fiserv Inc. (collectively, "Fiserv") (*Doe I* ECF No. 52);

and John Doe, Plaintiff in *John Doe v. Caremark, LLC*, Case No. 2:18-cv-488 ("*Doe II* Plaintiff") (*Doe I* ECF No. 53). For the following reasons, *Doe I* Plaintiffs' motion (*Doe I* ECF No. 49) is **GRANTED**.

I.

*Doe I* Plaintiffs move to consolidate two related cases. *Doe I* Plaintiffs filed *John Doe One, et al. v. Caremark, L.L.C., et al.*, No. 2:18-cv-238 ("*Doe I*"), on March 21, 2018, on behalf of themselves and all similarly situated individuals. (*Doe I* Compl. at 1 [*Doe I* ECF No. 1]). *Doe I* Plaintiffs filed an Amended Complaint on June 5, 2018. (*Doe I* Am. Compl. at 1 [*Doe I* ECF No. 38]). In *John Doe v. Caremark, LLC*, No. 2:18-cv-488 ("*Doe II*"), the Plaintiff ("*Doe II* Plaintiff") initiated suited, individually and on behalf of all others similarly situated, on May 16, 2018. (*Doe II* Compl. at 1 [*Doe II* ECF No. 1]). *Doe II* Plaintiff filed an Amended Complaint on June 22, 2018, removing all Defendants except Caremark, LLC ("Caremark" or "*Doe II* Defendant"). (*See Doe II* Am. Compl. at ¶ 8 [*Doe II* ECF No. 15]).

On December 21, 2018, the Court granted in part and denied in part Defendants' Motions to Dismiss. (*See* Dec. 21, 2018 Op. & Ord. [*Doe I* ECF No. 59; *Doe II* ECF No. 42]). Both *Doe I* Plaintiffs and *Doe II* Plaintiff (collectively, "Plaintiffs') have cognizable claims for: 1) the unauthorized, unprivileged disclosure to a third-party of nonpublic medical information ("*Biddle* claim"); and 2) the violation of Ohio Rev. Code § 3701.243.[1] (*See* Dec. 21, 2018 Op. & Ord.). *Doe II* Plaintiff also has additional claims under Ohio law. (*See id.*).

Both of these cases are proposed class action suits stemming from the same event. As the Court described in its December 21, 2018 Opinion and Order, Plaintiffs allege that Defendants' choice to use a glassine windowed envelope, in conjunction with the design of the letter, resulted

---

[1] Plaintiffs are also seeking declaratory relief. (Dec. 21, 2018 Op. & Ord. at 19–21).

2

in the unauthorized disclosure of the recipients' Personal Identification Information ("PII") and Personal Health Information ("PHI")—including the recipients' status as HIV-positive[2]—at a minimum, to Fiserv employees preparing the envelopes for mailing and mail carriers. (*See Doe I* Am. Compl. at ¶¶ 18–22; *Doe II* Am. Compl. at ¶¶ 19–20; *see also* Dec. 21, 2018 Op. & Ord. at 2–7).

Magistrate Judge Vascura and the undersigned preside over both cases. A discovery schedule has yet to be set for either case. *Doe I* Plaintiffs have moved to consolidate *Doe I* and *Doe II* "for all purposes." (Mot. to Consolidate at 8).

## II.

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts maintain considerable discretion in determining whether to consolidate cases. *Cantrell v. GAF Corp.*, 99 F.2d 1007, 1011 (6th Cir. 1993); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). "The underlying objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey*, 962 F.2d at 1180 (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2381 (1971)).

Whether cases present a common question of law or fact is merely a threshold requirement. *See Roxane Labs., Inc. v. Abbott Labs.*, Nos. 2:12-cv-312, 2:13-cv-645, 2:13-cv-708, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013). A court must also consider:

> "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple

---

[2] Directly above the recipients' address, and visible through the glassine window without opening the mailing, was the designation "PM 6402 HIV", Ohio Department of Health did not require the designation "HIV" to be apart of a recipient's identification number. (*Doe I* Am. Compl. at ¶ 19; *Doe II* Am. Compl. at ¶ 2).

3

lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "[T]he decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id.* If consolidation conserves minimal judicial resources, "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.* Therefore, the Court must "balance the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it." *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc., et al.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995).

## III.

### A. Common Questions of Law or Fact

*Doe I* and *Doe II* share common questions of law and fact. Both cases are proposed class actions to include approximately 6,000 proposed class members who were all participants in the Ohio HIV Drug Assistance Program ("OhDAP"). (*See Doe I* Am. Compl. at ¶¶ 1, 18; *Doe II* Am. Compl. at ¶¶ 2–3). Likewise, both cases arise out of the Defendants'[3] alleged unauthorized disclosure of the proposed class members' names and HIV-status by using envelopes with glassine windows that displayed the recipients' PII and PHI. (*Doe I* Am. Compl. at ¶¶ 18–22; *Doe II* Am. Compl. at ¶¶ 19–20; *see also* Dec. 21, 2018 Op. & Ord. at 2–7).

As to common questions of law, both cases allege *Biddle* claims and violations of Ohio Rev. Code § 3701.243. (*See* Dec. 21, 2018 Op. & Ord. at 9–16; *Doe I* Am. Compl. at ¶¶ 50–57;

---

[3] *Doe I* Plaintiffs that both Caremark and Fiserv are liable for the alleged unauthorized disclosure, whereas *Doe II* Plaintiff only brings suit against Caremark.

4

*Doe II* Am. Compl. at ¶¶ 65–71). *Doe II* alleges other violations of Ohio law. (*See generally* Dec. 21, 2018 Op. & Ord.). But the fact that *Doe II* Plaintiff brings claims not asserted by *Doe I* Plaintiffs does not bar consolidation. *See Borden v. College*, Nos. 1:16-cv-519, 1:16-cv-520, 2016 WL 5791649, at *1 (S.D. Ohio Oct. 4, 2016) ("It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 WL 1282384, at *1 (S.D. Ohio Mar. 27, 2013) (internal quotes omitted)).

**B.     Balancing the Costs and Benefits of Consolidation**

By identifying common questions of law and fact, *Doe I* Plaintiffs have met the threshold requirement for consolidating *Doe I* and *Doe II*. The Court must now engage in the balancing test outlined above to determine whether the time and effort saved by consolidating outweighs the inconvenience, delay, or expense increased by it. *See Louis Trauth Dairy*, 163 F.R.D. at 503.

As applied here, the Court sees little downside to consolidation. Consolidation poses little risk of prejudice or confusion. The Court acknowledges that there are additional defendants named in *Doe I* that are not a party of *Doe II*. Different parties, however, do not prevent the Court from consolidating otherwise similar cases. *See Dudenhoefer v. Fifth Third Bancorp*, No. 1:08-cv-538, at *2 (S.D. Ohio Mar. 16, 2009) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004); 9A Wright, *et al.*, FEDERAL PRACTICE & PROCEDURE § 2384 (3d ed. 2008)).

Consolidation would save time, expense, and judicial resources, as the cases share so many common questions of fact and law. The Court has yet to set a case schedule for either case, so consolidation would not disturb the Court's trial schedule. Finally, the opposing parties primarily objected to the timing of *Doe I* Plaintiffs' motion rather than the actual consolidation of *Doe I* and

5

*Doe II*. (*See* Caremark Mem. Opp. at 4 [*Doe I* ECF No. 51] (asking the Court to defer ruling on the motion to consolidate until after it has ruled on the motions to dismiss); Fiserv Mem. Opp. at 4 [*Doe I* ECF No. 52] (same); *Doe II* Pl. Mem. Opp. at 2, 5 [*Doe I* ECF No. 53] (asking the Court to rule on the motions to dismiss and the motion to appoint interim class counsel [*Doe II* ECF No. 16] prior to consolidation). The Court has since ruled on the motions to dismiss. (*See* Dec. 21, 2018 Op. & Ord.). As such, the balance of costs and benefits weigh in favor of consolidation.

## IV.

For the reasons stated above, *Doe I* Plaintiffs' Motion to Consolidate (*Doe I* ECF No. 49) is **GRANTED** and *Doe I* and *Doe II* are now **CONSOLIDATED** for discovery, trial, and all other purposes.

**IT IS SO ORDERED.**

1-16-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**