**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE ONE, JOHN DOE TWO; | ) | |
| JOHN DOE THREE; and JOHN DOE FOUR, | ) | |
| on behalf of themselves and all similarly | ) | **CIVIL ACTION** |
| situated individuals | ) | |
|       Plaintiffs, | ) | **No. 2:18-cv-00238-EAS-CMV** |
| | ) | **No. 2:18-cv-00488-EAS-CMV** |
| v. | ) | **(Consolidated for all purposes)** |
| | ) | |
| CAREMARK, LLC,; | ) | Chief Judge Edmund A. Sargus, Jr. |
| FISERV, INC., | ) | Magistrate Judge Chelsey M. Vascura |
| FISERV SOLUTIONS, LLC; and | ) | |
| DEFENDANTS DOES 1-10, | ) | |
| | ) | |
|       Defendants. | | |

_____

**DEFENDANT CAREMARK, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Caremark, L.L.C. ("Caremark") files this Answer and Affirmative Defenses in

response to Plaintiffs' Consolidated Amended Class Action Complaint, ECF No. 74 in Case No.

18-cv-238 and ECF No. 53 in Case No. 18-cv-488 ("Complaint").

**ANSWER TO COMPLAINT'S INDIVIDUALLY NUMBERED PARAGRAPHS**

In response to the allegations in the enumerated Paragraphs in the Complaint, Caremark

responds as follows:

**RESPONSE TO NO. 1.**

Because the allegations in Paragraph 1 of the Complaint are vague, general, and

amorphous, Caremark lacks knowledge or information sufficient to form an opinion as to the truth

of the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.  In addition,

Caremark denies the allegations in the final two sentences of Paragraph 1 of the Complaint on the

grounds that they are legal conclusions for which no response is required.

**RESPONSE TO NO. 2.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of Paragraph 2 of the Complaint that Plaintiffs are "living with HIV" and that they "participat[] in the OhDAP Program" and, on that basis, denies those allegations. Caremark denies the remaining allegations in the first sentence of Paragraph 2 of the Complaint. In addition, Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations footnote 1 and, on that basis, denies them. Caremark denies the allegations in the second sentence of Paragraph 2 of the Complaint. Caremark admits that Plaintiffs purport to bring this lawsuit as a "putative class action" and that Plaintiffs seek "damages, injunctive, and declaratory relief," but Caremark denies that Plaintiffs can satisfy the requirements for class certification (including without limitation the requirements of Federal Rule of Civil Procedure 23) and further denies that Plaintiffs are entitled to any damages or other relief. Caremark denies any remaining allegations in Paragraph 2 of the Complaint.

**RESPONSE TO NO. 3.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 3 of the Complaint and, on that basis, denies them. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegation in the third sentence of Paragraph 3 of the Complaint that Plaintiff John Doe One "received the mailing at issue" and, on that basis, denies it. Caremark denies all remaining allegations in the third sentence of Paragraph 3 of the Complaint. Caremark denies any remaining allegations in Paragraph 3 of the Complaint.

**RESPONSE TO NO. 4.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 4 of the Complaint and, on that basis, denies them. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegation in the third sentence of Paragraph 4 that Plaintiff John Doe Two "received the mailing at issue" and, on that basis, denies it. Caremark denies all remaining allegations in the third sentence of Paragraph 4 of the Complaint. Caremark denies any remaining allegations in Paragraph 4 of the Complaint.

**RESPONSE TO NO. 5.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 5 of the Complaint and, on that basis, denies them. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegation in the third sentence of Paragraph 5 that Plaintiff John Doe Three "received the mailing at issue" and, on that basis, denies it. Caremark denies all remaining allegations in the third sentence of Paragraph 5 of the Complaint. Caremark denies any remaining allegations in Paragraph 5 of the Complaint.

**RESPONSE TO NO. 6.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 6 of the Complaint and, on that basis, denies them. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegation in the third sentence of Paragraph 6 that Plaintiff John Doe Four "received the mailing at issue" and, on that basis, denies it. Caremark denies all remaining allegations in the third sentence of Paragraph 6 of the Complaint. Caremark denies any remaining allegations in Paragraph 6 of the Complaint.

**RESPONSE TO NO. 7.**

Caremark admits that it is not an Ohio limited liability company and that its principal place of business is in Illinois but denies the remaining allegations in the first sentence of Paragraph 7 of the Complaint. Caremark admits that it entered into a contract, effective July 1, 2017, with the State of Ohio in response to a Request for Proposals for "Pharmacy Benefits Manager for the Ryan White Program." Caremark admits that it sent a notice to certain OHDAP participants in August 2017 (the "Notice"). Caremark admits that CVS Health Corporation and Caremark Rx, L.L.C. were named as defendants in the original complaint but have since been dismissed without prejudice. Except as expressly admitted herein, Caremark denies the allegations of Paragraph 7 of the Complaint, including the allegations in footnote 2.

**RESPONSE TO NO. 8.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of Paragraph 8 of the Complaint and, on that basis, denies them. Caremark denies the allegations in the second sentence of Paragraph 8 of the Complaint, with the sole exception that Caremark admits that it contracted with Fiserv Solutions, LLC ("Fiserv Solutions") and that the contract sets outs the terms of the contractual relationship between Fiserv Solutions and Caremark with respect to, *inter alia*, the Notice at issue in the Complaint. Because the allegations in the third and final sentence of Paragraph 8 of the Complaint merely purport describe Caremark's contract, Caremark states that the contract is the best source of its full content and context and, to the extent that the allegations in the third and final in Paragraph 8 of the Complaint do not accurately represent the full content and context of the contract, Caremark denies the allegations in the third and final sentence of Paragraph 8 of the Complaint. Caremark denies any remaining allegations in Paragraph 8 of the Complaint.

**RESPONSE TO NO. 9.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 9 of the Complaint and, on that basis, denies them.  Caremark denies the allegations in the third sentence of Paragraph 9 of the Complaint, with the sole exception that Caremark admits that it contracted with Fiserv Solutions and that the contract sets outs the terms of the contractual relationship between Fiserv Solutions and Caremark with respect to, *inter alia*, the Notice at issue in the Complaint.  Caremark admits that Plaintiffs purport to refer to Fiserv, Inc. and Fiserv Solutions, LLC in the Complaint collectively as "Fiserv."  Caremark denies the allegations in the final sentence of Paragraph 9 of the Complaint.  Except as expressly admitted herein, Caremark denies the allegations in Paragraph 9 of the Complaint.

**RESPONSE TO NO. 10.**

Caremark denies the allegations in Paragraph 10 of the Complaint.

**RESPONSE TO NO. 11.**

As to the allegations in the first sentence of Paragraph 11, Caremark admits that subject matter jurisdiction exists, but denies that it violated Plaintiffs' rights and denies that Plaintiffs (or any putative class members) are entitled to any relief.  Caremark denies the allegations in the second sentence of Paragraph 11 of the Complaint.  Caremark lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in the third and fourth sentences of Paragraph 11 of the Complaint and, on that basis, denies them.  Caremark also denies the allegations in the third and fourth sentences of Paragraph 11 of the Complaint to the extent Plaintiffs allege the Notice disclosed their HIV status and to the extent Plaintiffs allege they are entitled to any relief.  Caremark denies all remaining allegations in Paragraph 11 of the Complaint.

**RESPONSE TO NO. 12.**

Because the allegations in Paragraph 12 of the Complaint assert legal conclusions, Caremark is not required to respond and, on that basis, denies the allegations in Paragraph 12 of the Complaint.

**RESPONSE TO NO. 13.**

Caremark denies the allegations in the heading immediately preceding Paragraph 13 of the Complaint. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies the allegations in Paragraph 13 of the Complaint.

**RESPONSE TO NO. 14.**

Because the allegations in Paragraph 14 of the Complaint merely purport to describe or quote the OhDAP website, Caremark states that the OhDAP website is the best source of its full content and context and, to the extent that the allegations in Paragraph 14 of the Complaint do not accurately represent the full content and context of the OhDAP's website, Caremark denies the allegations in Paragraph 14 of the Complaint.

**RESPONSE TO NO. 15.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies the allegations in Paragraph 15 of the Complaint.

**RESPONSE TO NO. 16.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 16 of the Complaint and, on that basis, denies the allegations in the first and second sentences of Paragraph 16 of the Complaint.

Caremark denies the allegations in the final sentence of Paragraph 16 of the Complaint and all remaining allegations in Paragraph 16 of the Complaint.

**RESPONSE TO NO. 17.**

Caremark admits that on February 15, 2017, the State of Ohio, through the Department of Administrative Services, Office of Procurement Services, for the Ohio Department of Health, issued a Request for Proposals for: Pharmacy Benefits Manager for the Ryan White Program ("Request for Proposals"), but denies any remaining allegations in the first sentence of Paragraph 17. Caremark denies the allegations in the second and third sentences of Paragraph 17 of the Complaint. Because the remaining allegations in Paragraph 17 of the Complaint merely purport to describe or quote Caremark's response to the Request for Proposals, Caremark states that its response to the Request for Proposals is the best source of its full content and context and, to the extent that the allegations in Paragraph 17 do not accurately represent the full content and context of Caremark's response to the Request for Proposals, Caremark denies the allegations in Paragraph 17 of the Complaint. Caremark also denies the allegations in footnote 3 of the Complaint.

**RESPONSE TO NO. 18.**

Because the allegations in Paragraph 18 of the Complaint merely purport to describe or quote Caremark's response to the Requests for Proposal, Caremark states that its response to the Requests for Proposals is the best source of its full content and context and, to the extent that the allegations in Paragraph 18 do not accurately represent the full content and context of Caremark's response to the Requests for Proposals, Caremark denies the allegations in Paragraph 18 of the Complaint.

**RESPONSE TO NO. 19.**

Caremark admits that it entered into a contract, effective July 1, 2017, with the State of Ohio in response to a Request for Proposals for "Pharmacy Benefits Manager for the Ryan White Program." Because the allegations in the first sentence of Paragraph 19 merely purport to describe the contract, Caremark states that the contract is the best source of its full content and context and, to the extent that the allegations in the first sentence of Paragraph 19 do not accurately represent the full content and context of the contract, Caremark denies the allegations in the first sentence of Paragraph 19 of the Complaint. Caremark denies the remaining allegations in Paragraph 19 of the Complaint.

**RESPONSE TO NO. 20.**

Caremark admits that it caused the Notice to be sent to certain OHDAP participants in August 2017 but denies the remaining allegations in the first sentence of Paragraph 20. Caremark denies the allegations in second and third sentences of Paragraph 20 of the Complaint. Because the allegations in the fourth sentence of Paragraph 20 merely purport to describe or quote the Notice, Caremark states that the Notice itself is the best source of its full content and context and, to the extent that the allegations in Paragraph 20 do not accurately represent the full content and context of the Notice, Caremark denies the allegations in Paragraph 20 of the Complaint. As to the allegations in the final sentence of Paragraph 20 of the Complaint, Caremark admits that, to the extent it shares protected information with other "CVS entities" (or other entities), it does so in accordance with applicable laws, regulations, and other obligations and requirements. Because the remaining allegations in the final sentence of Paragraph 20 assert legal conclusions, no response is required and, on that basis, Caremark denies the remaining allegations in the final

sentence of Paragraph 20 of the Complaint.  Caremark denies any remaining allegations in Paragraph 20 of the Complaint.

**RESPONSE TO NO. 21.**

Caremark denies the allegations in the first, fourth, sixth, seventh, and ninth sentences of Paragraph 21 of the Complaint.  Because the allegations in the second and third sentences of Paragraph 21 of the Complaint merely purport to describe the appearance of the Notice, Caremark states that the Notice itself is the best source of its appearance and, to the extent that the allegations in the second and third sentences of Paragraph 21 do not accurately describe the appearance of the Notice, Caremark denies the allegations in the second and third sentences of Paragraph 21 of the Complaint.  Caremark admits the program identification code was not required by ODH and was created by Caremark but denies any remaining allegations in the fifth sentence of Paragraph 21 of the Complaint.  Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the eighth sentence of Paragraph 21 of the Complaint and, on that basis, denies them.[1]  Caremark denies any remaining allegations in Paragraph 21 of the Complaint.

**RESPONSE TO NO. 22.**

Caremark denies the allegations in Paragraph 22 of the Complaint.

**RESPONSE TO NO. 23.**

Caremark denies the allegations in Paragraph 23 of the Complaint.

**RESPONSE TO NO. 24.**

Caremark denies the allegations in the first sentence of Paragraph 24 of the Complaint. The allegations in the second sentence of Paragraph 24 are vague and ambiguous, in particular the

---

[1] The purported image of the Notice is not an allegation and therefore no response is required.  To the extent a response is required, Caremark denies this allegation.

references to unidentified "privacy practices" and uncited quoted language. As a result, Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the second sentence of Paragraph 24 of the Complaint and, on that basis, denies them. Caremark admits that it requires its vendors to protect customers' privacy and protected information in accordance with applicable laws and regulations and in accordance with certain policies. However, because the allegations in the third[2], fourth, fifth, and sixth sentences of Paragraph 24 of the Complaint merely purport to describe or quote Caremark policies, Caremark states that those documents are the best source of their full content and context and, to the extent that the allegations in Paragraph 24 do not accurately represent the full content and context of Caremark's policies (and other documents referenced), Caremark denies the allegations in Paragraph 24 of the Complaint. As to the allegations in the seventh sentence of Paragraph 24, Caremark admits that Mr. Baker responded to a communication from Mr. Terry Kilgore but denies the remaining allegations seventh sentence of Paragraph 24. Caremark denies that it has "disclos[ed] for public viewing the HIV status" of Plaintiffs or of the putative class members and therefore denies allegations in the final sentence of Paragraph 24 of the Complaint. Caremark denies any remaining allegations in Paragraph 24 of the Complaint.

**RESPONSE TO NO. 25.**

Caremark denies there has been any "disclosure" as alleged in the first sentence of Paragraph 25 of the Complaint. Because the remaining allegations in the first sentence of Paragraph 25 and the allegations in the second, third, and fifth of sentences of Paragraph 25 merely purport to describe Caremark's Notice of Privacy Practices and/or Caremark's response to the

---

[2] For clarity, the third sentence refers to the sentence beginning with "For example" and ending with "Business Associate Agreements."

Request for Proposals, Caremark states that those documents are the best source of their full content and context and, to the extent those allegations do not accurately represent the full content and context of the Notice of Privacy Practices and Caremark's response to the Request for Proposals, Caremark denies the remaining allegations in the first sentence of Paragraph 25 and the allegations in the second, third, and fifth of sentences of Paragraph 25. Caremark denies the allegations in the fourth sentence of Paragraph 25 of the Complaint. Caremark denies that it "sen[t] Plaintiffs and Class members a notice publicly disclosing their PHI as part of a haphazard identification code" and denies the allegations in the sixth sentence of Paragraph 25. Caremark denies the allegations in the seventh sentence of Paragraph 25. Caremark denies any remaining allegations of Paragraph 25.

**RESPONSE TO NO. 26.**

Because the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 26 of the Complaint merely purport to describe the FTC consent decree "from *In the Matter of CVS Caremark Corporation*, FTC Case No. C-4259," "order[s] implementing that consent decree," and Caremark's response to a Request for Proposals for "Pharmacy Benefits Manager for the Ryan White Program," Caremark states that those documents are the best source of their full content and context and, to the extent that the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 26 do not accurately represent the full content and context of those documents, Caremark denies the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 26. In addition, to the extent that the allegations in Paragraph 26 purport to describe the operation or obligations of the FTC consent decree "from *In the Matter of CVS Caremark Corporation*, FTC Case No. C-4259," those allegations amount to legal conclusions for which no response is required and, on that additional basis, Caremark denies the allegations in Paragraph 26 of the Complaint.

Caremark denies the allegations in the second, seventh, eighth, ninth, tenth, and eleventh sentences of Paragraph 26, as well as any and all remaining allegations in Paragraph 26 of the Complaint.

**RESPONSE TO NO. 27.**

Caremark denies the allegations in the first sentence of Paragraph 27 of the Complaint. Caremark denies that it "disclose[d] patients' HIV status to the public," and denies the allegations in the second sentence of Paragraph 27 of the Complaint. The allegations in the third sentence of Paragraph 27 of the Complaint that "[i]n addition to CVS's representations about its compliance with state and federal laws as described above" is vague and ambiguous. As a result, Caremark lacks knowledge or information sufficient to form an opinion as to the truth of these allegations in the third sentence of Paragraph 27 of the Complaint and, on that basis, denies them. Because the remaining allegations in the third sentence of Paragraph 27, and the allegations in the fourth and final sentences of Paragraph 27, merely purport to quote or describe Caremark's Notice of Privacy Practices and "Vendor Code of Conduct," Caremark states the Notice of Privacy Practices and "Vendor Code of Conduct" are the best sources of their full content and context and, to the extent that the remaining allegations in the third sentence of Paragraph 27, and the allegations in the fourth and final sentences of Paragraph 27 of the Complaint, do not accurately represent the full content and context of the Notice of Privacy Practices and/or "Vendor Code of Conduct," Caremark denies those allegations. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations concerning Fiserv in Paragraph 27 of the Complaint and, on that basis, denies them. Caremark denies all remaining allegations in Paragraph 27 of the Complaint.

**RESPONSE TO NO. 28.**

Caremark admits that Mr. Terry Kilgore sent Caremark a fax on or about September 4, 2017, and Mr. Neal Baker responded on or about September 7, 2017.  Except as expressly admitted herein, Caremark denies the allegations of Paragraph 28 of the Complaint.

**RESPONSE TO NO. 29.**

Caremark denies that the Notice disclosed Plaintiffs' HIV status (or other protected information) and denies the allegations in the first sentence of Paragraph 29 of the Complaint. Because the allegations in the final sentence of Paragraph 29 of the Complaint merely purport summarize an unidentified purported Caremark website, Caremark lacks sufficient knowledge or information to form an opinion as to the truth of the allegations in the final sentence of Paragraph 29 of the Complaint and, on that basis, denies the allegations in the final sentence of Paragraph 29 of the Complaint.  Caremark lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, including without limitation the allegations in footnotes 4 and 5, and on that basis denies them.  Caremark denies any remaining allegations of Paragraph 29 of the Complaint.

**RESPONSE TO NO. 30.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 31.**

Caremark lacks sufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 31 of the Complaint (including any allegations in footnote 6) and, on that basis, denies them.

**RESPONSE TO NO. 32.**

Caremark denies that the Notice disclosed Plaintiffs' or putative members' HIV or AIDS status (or any other protected information).  Caremark denies the allegations in the final sentence of Paragraph 32 of the Complaint.  Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the remaining allegations in Paragraph 32 of the Complaint, including footnotes 7 and 8, and, on that basis, denies them.  Caremark denies any remaining allegations in Paragraph 32 of the Complaint.

**RESPONSE TO NO. 33.**

Caremark denies the allegations in the first sentence of Paragraph 33 of the Complaint. Because the remaining allegations in Paragraph 33 of the Complaint merely assert legal conclusions, no response is required and, on that basis, Caremark denies the remaining allegations in Paragraph 33 of the Complaint.

**RESPONSE TO NO. 34.**

Because the allegations in the first sentence of Paragraph 34 of the Complaint assert only legal conclusions, no response is required and, on that basis, Caremark denies the allegations in the first sentence of Paragraph 34 of the Complaint.  Caremark denies the remaining allegations in Paragraph 34 of the Complaint.

**RESPONSE TO NO. 35.**

Caremark denies the allegations in the first sentence of Paragraph 35 of the Complaint. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 36.**

Caremark denies that Plaintiffs or putative class members are entitled to any relief, whether legal or equitable, and denies the allegations in Paragraph 36 of the Complaint.

**RESPONSE TO NO. 37.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations that "each of the Plaintiffs received the letter in question," "John Doe Two lives in a small town and fears the stigma that would result from the disclosure of his HIV status," "John Doe Three lives in a small town where 'everyone knows everyone,'" John Doe Four "has taken great pains to keep his HIV status private for many years" and, on that basis, denies these allegations. Caremark denies all remaining allegations in Paragraph 37 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 38.**

Caremark denies the allegations in the heading immediately preceding Paragraph 38 of the Complaint. Caremark admits that Plaintiffs purport to bring this action on behalf of the putative class described in Paragraph 38 but denies that Plaintiffs can satisfy the requirements for class certification, including the requirements of Federal Rule of Civil Procedure 23. Caremark denies any remaining allegations in Paragraph 38 of the Complaint.

**RESPONSE TO NO. 39.**

Caremark denies the allegations in the first sentence of Paragraph 39 of the Complaint. Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the second sentence of Paragraph 39 of the Complaint and, on that basis, denies them.

**RESPONSE TO NO. 40.**

Caremark denies the allegations in Paragraph 40 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 41.**

Caremark denies the allegations in Paragraph 41 of the Complaint.

**RESPONSE TO NO. 42.**

Caremark denies the allegations in Paragraph 42 of the Complaint.

**RESPONSE TO NO. 43.**

Caremark denies the allegations in Paragraph 43 of the Complaint.

**RESPONSE TO NO. 44.**

Caremark denies the allegations in Paragraph 44 of the Complaint.

**RESPONSE TO NO. 45.**

Caremark denies the allegations in Paragraph 45 of the Complaint.

**RESPONSE TO NO. 46.**

Caremark denies the allegations in Paragraph 46 of the Complaint.

**RESPONSE TO NO. 47.**

Caremark denies the allegations in the headings immediately above Paragraph 47 of the Complaint.  Caremark incorporates and restates its responses to all allegations of the Complaint as if fully set forth herein.

**RESPONSE TO NO. 48.**

Caremark denies the allegations in the first sentence of Paragraph 48 of the Complaint. The allegations in the second sentence of Paragraph 48 of the Complaint, however, assert legal

conclusions.  As a result, Caremark is not required to respond and, on that basis, Caremark denies the allegations in the second sentence of Paragraph 48 of the Complaint.

**RESPONSE TO NO. 49.**

Caremark lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of Paragraph 49 of the Complaint and, on that basis, denies them.  Caremark denies the allegations in the second sentence of Paragraph 49 of the Complaint. The allegations in the third sentence of Paragraph 49 of the Complaint assert legal conclusions. As a result, Caremark is not required to respond and, on that basis, denies the allegations in the third sentence of Paragraph 49 of the Complaint.  Caremark denies any remaining allegations of Paragraph 49 of the Complaint.

**RESPONSE TO NO. 50.**

Caremark denies the allegations in Paragraph 50 of the Complaint.

**RESPONSE TO NO. 51.**

Caremark denies the allegations in Paragraph 51 of the Complaint.

**RESPONSE TO NO. 52.**

Caremark denies that it (or Fiserv) has "disclose[d] the Plaintiffs' and Class members' HIV status to the public" and denies all remaining allegations in Paragraph 52 if the Complaint.

**RESPONSE TO NO. 53.**

Caremark denies the allegations in Paragraph 53 of the Complaint.

**RESPONSE TO NO. 54.**

Caremark admits that Plaintiffs purport to identify the relief they seek in Paragraph 54 of the Complaint.  Caremark denies that Plaintiffs (or "Class members") are entitled to any relief,

including the relief requested in Paragraph 54 of the Complaint.  Caremark denies any remaining allegations in Paragraph 54 of the Complaint.

**RESPONSE TO NO. 55.**

Caremark denies the allegations in the heading immediately above Paragraph 55 of the Complaint.  Caremark incorporates and restates its responses to all preceding Paragraphs of the Complaint as if fully set forth herein.

**RESPONSE TO NO. 56.**

Caremark admits that Plaintiffs purports to bring a claim pursuant to Ohio Rev. Code §§ 3701.243.  Except as expressly admitted herein, Caremark denies the allegations in Paragraph 56 of the Complaint.

**RESPONSE TO NO. 57.**

Caremark denies the allegations in Paragraph 57 of the Complaint.

**RESPONSE TO NO. 58.**

Caremark denies the allegations in Paragraph 58 of the Complaint.

**RESPONSE TO NO. 59.**

Caremark denies the allegations in Paragraph 59 of the Complaint.

**RESPONSE TO NO. 60.**

Caremark denies the allegations in Paragraph 60 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 61.**

Caremark denies the allegations in Paragraph 61 of the Complaint.

**RESPONSE TO NO. 62.**

Caremark denies the allegations in Paragraph 62 of the Complaint.

**RESPONSE TO NO. 63.**

Caremark denies the allegations in Paragraph 63 of the Complaint.

**RESPONSE TO NO. 64.**

Caremark admits that Plaintiffs purport to identify the relief they seek in Paragraph 64 of the Complaint.  Caremark denies that Plaintiffs (or "Class members") are entitled to any relief, including the relief requested in Paragraph 64 of the Complaint.  Caremark denies any remaining allegations in Paragraph 64 of the Complaint.


**RESPONSE TO NO. 65.**

Caremark denies the allegations in the headings immediately preceding Paragraph 65 of the Complaint.  Caremark incorporates and restates its responses to all Paragraphs of the Complaint as if fully set forth herein.

**RESPONSE TO NO. 66.**

Caremark denies the allegations in Paragraph 66 of the Complaint.

**RESPONSE TO NO. 67.**

Caremark denies the allegations in Paragraph 67 of the Complaint.

**RESPONSE TO NO. 68.**

Caremark admits that Plaintiffs and purported "Class Members" purport to identify the relief they seek in Paragraph 68 of the Complaint.  Caremark denies that Plaintiffs (or "Class Members") are entitled to any relief, including the relief requested in Paragraph 68 of the Complaint.  Caremark denies any remaining allegations in Paragraph 68 of the Complaint.

**RESPONSE TO NO. 69.**

Caremark denies the allegations in the heading immediately preceding Paragraph 69 of the Complaint.  Caremark incorporates and restates its responses to all Paragraphs as if fully set forth herein.

**RESPONSE TO NO. 70.**

Caremark admits that it complied with applicable laws, regulations, and obligations. Caremark denies that it "fail[ed] to protect Plaintiffs' and Class Members' PHI in accordance with applicable state and federal regulations" or any alleged agreement.  Caremark also denies that it "failed to maintain adequate and reasonable privacy practices to protect . . . [Plaintiffs' and putative class members'] PHI."   Caremark denies that Plaintiffs or putative class members are entitled to any relief, including declaratory relief.  As to the allegations in footnote 9, Caremark admits that the Court dismissed Plaintiffs' claims for violation of the Fair Credit Reporting Act, breach of confidentiality, breach of fiduciary duty, negligence, negligence per se, breach of contract, invasion of privacy, and intentional infliction of emotional distress, but Caremark denies all remaining allegations in footnote 9.  Except as expressly admitted herein, Caremark denies the allegations in Paragraph 70 of the Complaint.

**RESPONSE TO NO. 71.**

Caremark denies the allegations in Paragraph 71 of the Complaint.

**RESPONSE TO NO. 72.**

Caremark denies the allegations in Paragraph 72 of the Complaint.  Caremark denies the claims that Plaintiffs cite in footnote 9 and deny that Plaintiffs are entitled to any relief.

Wherefore, Caremark denies that there is any legal or factual basis for any of the relief Plaintiffs or the putative class members seek to recover in the Complaint's "Prayer for Relief," including without limitation in subparts (A) through (I) thereto.

To the extent not expressly admitted above, Caremark denies each and every allegation in the Complaint and denies that Plaintiffs and the putative class is entitled to any judgement or any other relief whether or not expressly requested.


## AFFIRMATIVE DEFENSES

Caremark asserts the following affirmative defenses without admitting or acknowledging that Caremark bears the burden of proof as to any of them:

### FIRST AFFIRMATIVE DEFENSE
### (No Disclosure)

Plaintiffs' claims fail because there has been no unauthorized disclosure of Plaintiffs' or the putative class members' HIV status and/or personal health information.

### SECOND AFFIRMATIVE DEFENSE
### (No Injury or Harm)

Plaintiffs' Complaint fails because neither the Plaintiffs nor the putative class members have been injured or harmed as alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' are barred to the extent that they failed to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

**(Reservation)**

Caremark reserves the right to assert additional defenses, denials, and avoidances that discovery and/or investigation may disclose as appropriate.

Respectfully submitted, this 5th day of April, 2019.

/s Robert G. Cohen
Robert G. Cohen (0041707)
KEGLER BROWN HILL + RITTER CO., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Phone: 615-462-5492
Fax: 614-462-2634
rcohen@keglerbrown.com

Kristine M. Brown (admitted *pro hac*)
Donald M. Houser (admitted *pro hac*)
Matthew L.J.D. Dowell (admitted *pro hac*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: 404-881-7434
Fax: 404-881-7777
kristy.brown@alston.com
donald.houser@alston.com
matt.dowell@alston.com

*Attorneys for Caremark, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5th, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s Robert G. Cohen
Robert G. Cohen (0041707)