UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE ONE; *et al.*,<br>On behalf of themselves and<br>all similarly situated individuals;<br>    Plaintiffs,<br><br>v.<br><br>CVS HEALTHCARE CORPORATION,<br>*et al.*,<br>    Defendants.<br><br>and<br><br>JOHN DOE ONE,<br>Individually and on behalf<br>of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>CAREMARK, LLC,<br>    Defendant. | Case No. 2:18-cv-238<br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Chelsey M. Vascura<br><br><br><br><br><br><br><br><br><br>Case No. 2:18-cv-488<br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Chelsey M. Vascura |

## FINAL APPROVAL ORDER AND JUDGMENT

On September 27, 2019, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (*John Doe One, et al. v. CVS Healthcare Corp., et al.* No. 2:18-cv-238-EAS-CMV ["*Doe I*"] ECF No. 91; *John Doe One v. Caremark, LLC,* No. 2:18-cv-488-EAS-CMV ["*Doe II*"] ECF No. 69) of the Settlement Agreement between Plaintiffs, for themselves and on behalf of the Settlement Class, on the one hand, and Caremark and Fiserv (and their respective Affiliates), on the other hand, as memorialized in Exhibit 1 to Plaintiffs'

Unopposed Motion for Preliminary Approval of the Settlement (*Doe I* ECF No. 89-2; *Doe II* ECF No. 67-2).[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at the Final Approval Hearing.

On December 6, 2019, Plaintiffs filed the Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") (*Doe I* ECF No. 96; *Doe II* ECF No. 74) and accompanying Memorandum of Law and supporting exhibits, and Co-Lead Class Counsel filed their application for attorneys' fees, reasonable costs and expenses, payment of the Settlement Administrator's fees and expenses, and service awards to Class Representatives (*Doe I* ECF No. 97; *Doe II* ECF No. 75).

On January 14, 2020, the Court held a Final Approval Hearing to determine, inter alia: whether (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Complaint and the above-captioned litigation (i.e., 2:18-cv-238-EAS-CMV and 2:18-cv-00488-EAS-CMV, as consolidated) (the "Litigation") should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order should be entered; (e) the application of Co-Lead Class Counsel for an award of attorneys' fees, costs and expenses, payment of the Settlement Administrator's

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

fees and expenses, and service awards to Class Representatives should be approved; and (f) any other matters the Court deemed necessary and appropriate.

The Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, and the award of attorneys' fees, costs and expenses, payment of the Settlement Administrator's fees and expenses, and service awards to the Class Representatives.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Co-Lead Class Counsel and Counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Co-Lead Class Counsel for (i) attorneys' fees ("Fee Award"), (ii) reasonable costs and expenses ("Expense Award"), (iii) service awards to the Class Representatives ("Service Award"), and (iv) payment of costs and expenses of the Settlement Administrator ("Settlement Administrator Award"), and having reviewed the materials in support thereof, and good cause appearing in the record, Plaintiffs' Final Approval Motion is **GRANTED** and Co-Lead Class Counsel's application for a Fee Award, Expense Award, Service Award, and Settlement Administrator Award is **GRANTED**, and:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the

Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants Final Approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement and the plans for implementation and distribution of the settlement relief, with these modifications to the relevant deadlines and the procedures for making payments to Settlement Class Members:

- All claims by Settlement Class Members that are postmarked no later than January 20, 2020 and received by the Settlement Administrator no later than April 20, 2020, shall be considered timely.

- Any of the Settlement Class Members whose Notice of Settlement was returned to the Settlement Administrator as undeliverable and not re-sent (the "Returned Mail Class Members") will be entitled to compensation as set forth in the Settlement Agreement if he or she provides the Settlement Administrator with his or her current address and, to the extent the Returned Mail Class Member claims additional compensation provided for by the Settlement above the Base Payment, a completed Claim Form, and the Settlement Administrator receives the current address information (and completed Claim Form, if any) by no later than April 20, 2020.

- The Settlement Administrator shall ensure that, prior to any distribution of funds to the Settlement Class Members, an amount equal to $400 multiplied by the

4

number of Returned Mail Class Members will remain available from the Settlement Fund in order to pay Base Payments and Claimant Awards to the Returned Mail Class Members as set forth in the Settlement Agreement. Subject to the provisions in this Paragraph 4, the Settlement Administrator may make distributions to Settlement Class Members before April 20, 2020.

- For the avoidance of doubt, all payments shall be made from the Settlement Fund. In no event shall the total of all Settlement Payments (including payments made to Returned Mail Class Members), attorneys' fees, costs, and expenses, service awards, Settlement Administrator costs and expenses, and any other obligation incurred by Caremark under this Settlement exceed the amount of the Settlement Fund (i.e., $4,400,000.00).

The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not timely and validly opted out are bound by the Settlement Agreement and this Final Approval Order and Judgment, including without limitation all releases therein.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms, subject to the modifications listed in Paragraph 4 of this Final Approval Order. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6. No formal objection was timely filed by a Settlement Class Member. However, one Settlement Class Member submitted a letter to the Court regarding his concerns about the distribution of funds to Settlement Class Members whose notices were returned as undeliverable. That Settlement Class Member was permitted to address the Court at the Final Approval Hearing,

5

the Court considered his concerns, and the Settlement Class Member stated on the record that he was satisfied by the modifications to the Settlement Agreement described in Paragraph 4.

7. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement and Preliminary Approval Order are deemed to have waived any objections to the Settlement Agreement, including without limitation by appeal, collateral attack, or otherwise.

8. A list of Settlement Class Members, identified only by unique identification number, who opted out of the Settlement Class is set forth in Exhibit 1. The Settlement Administrator has provided Counsel for Defendants with a declaration identifying these individuals. The declaration is accessible only to Counsel for Defendants, who may share it with Defendants for purposes of enforcing the Settlement and this Order. Those Settlement Class Members identified in Exhibits 1 (the "Opt-Out Members") are not bound by the Settlement Agreement or this Final Approval Order and Judgment. Opt-Out Members shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement.

## CLASS CERTIFICATION

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class: **All persons to whom the OhDAP Mailing was mailed, provided, or sent for delivery, as identified on the Class List.**

10. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent class members; that the Class Representatives will fairly and adequately protect the interests of the class as they have no interests

6

antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

11. The Court grants final approval to the appointment of Plaintiffs John Does One through Four as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Joel Strauss and Matthew B. George of Kaplan Fox & Kilsheimer, LLP, Matthew R. Wilson of Meyer Wilson, Co., L.P.A., Alan Mansfield and Henry Quillen of Whatley Kallas LLP, and Terry L. Kilgore of the Law Offices of Terry L. Kilgore as Co-Lead Class Counsel. The Court concludes that Co-Lead Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Notice of Settlement, as set forth in the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval, and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Class, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARDS

15. The Court has considered Co-Lead Class Counsel's Motion for Fee Award, Expense Award, Service Award, and Settlement Administrator Award.

16. Pursuant to Rule 23(h), the Court awards Co-Lead Class Counsel the sum of $1,466,666.00 as the Fee Award and $49,102.78 as the Expense Award. The Court has considered the hourly rates submitted by counsel, the number of hours spent on this case, and the percentage of the Settlement Fund requested, and the Court finds these amounts to be fair and reasonable. These amounts shall be paid in accordance with the terms of the Settlement Agreement.

17. The Court grants Co-Lead Class Counsel's request for service awards to the Class Representatives and awards $14,000 to the Class Representatives ($3,500 for each of the four Class Representatives) as the Service Award. The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

18. The Court awards the Settlement Administrator its fees and costs as the Settlement Administrator Award, which shall be paid from the Settlement Fund in accordance with the Settlement Agreement. The Court retains jurisdiction to decide any dispute that may arise concerning the fairness or reasonableness of the Settlement Administrator's fees and costs.

## RELEASES AND OTHER PROVISIONS

19. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members pursuant to the terms and conditions of the Settlement Agreement.

21. Upon the Effective Date, each Plaintiff and Settlement Class Member, on his or her own behalf and on behalf of his or her respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is or will be entitled to assert any claim on behalf of any Settlement Class Member (collectively, the "Releasors"), shall automatically be deemed to have, and by operation of this Final Approval Order shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged the Released Parties, and each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Incident, OhDAP Mailing, the facts, circumstances, or allegations in Consolidated Complaint, and/or the facts, circumstances, or allegations in the above-captioned litigation (i.e., in either 2:18-cv-238-EAS-CMV or 2:18-cv-00488-EAS-CMV) (collectively, the "Released Claims").

22. For the avoidance of doubt and without limiting the scope of Paragraph 21, the Released Claims as defined in Paragraph 21 include, without limitation, any claims, causes of actions, remedies, or damages that were asserted in the above-captioned litigation (i.e., in either 2:18-cv-238-EAS-CMV or 2:18-cv-00488-EAS-CMV), and any claims, causes of actions, remedies, or damages that could have been asserted in the above-captioned litigation (i.e., in either 2:18-cv-238-EAS-CMV or 2:18-cv-00488-EAS-CMV) that result from, arise out of, are based upon, or relate to the Incident, OhDAP Mailing, the facts, circumstances, or allegations in Consolidated Complaint, and/or the facts, circumstances, or allegations in the above-captioned litigation (i.e., in either 2:18-cv-238-EAS-CMV or 2:18-cv-00488-EAS-CMV). For the further

avoidance of doubt and without limiting the scope of Paragraph 21, the Released Claims as defined in Paragraph 21 also include, without limitation, any claims that a Releasor may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under Ohio's HIV-Disclosure Law, Ohio Rev. Code Ann., §§ 3701.243, *et seq.*, Ohio's Insurance Information and Privacy Protection Act, Ohio Rev. Code §§ 3904.01, *et seq.*, California Business & Professions Code § 17200 *et seq.*, California Civil Code § 1750 *et seq.*, California Civil Code § 1798.80 *et seq.*, California Civil Code § 56.10 *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence (including a "*Biddle*" claim under Ohio law), bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief, that result from, arise out of, are based upon, or relate to the Incident, OhDAP Mailing, the facts, circumstances, or allegations in Consolidated Complaint, and/or the facts, circumstances, or allegations in the above-captioned

litigation (i.e., in either 2:18-cv-238-EAS-CMV or 2:18-cv-00488-EAS-CMV). Notwithstanding the foregoing, Released Claims do not include any claims arising out of any acts or omissions by the Released Parties after the Effective Date, except as expressly provided in Sections 3.9 and 10.6 of the Settlement Agreement.

23. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Class Representatives, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of this Final Approval Order shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Settlement Class Members, including Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be

true with respect to the subject matter of the Released Claims, but Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of this Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of this Final Approval Order to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

24. Upon the Effective Date, Defendants hereby waive, release, and forever discharge Releasors, Co-Lead Class Counsel, Class Counsel, and each of them, of and from any and all past, present and future claims, counterclaims, actions, rights or causes of action, liabilities, suits, demands, damages, losses, payments, judgments, debts, dues, sums of money, costs and expenses (including, without limitation, attorneys' fees and costs), accounts, bills, covenants, contracts, controversies, agreements, obligations, or promises, in law or in equity, contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether patent or latent, concealed or overt, direct, representative, class or individual in nature, in any forum that they had, have, or may have in the future arising out of, in any way relating to, or in connection with, the investigation, filing, prosecution, or resolution of the Incident, implementation or administration of this Settlement Agreement, or actions of the Settlement Administrator, including any claims for abuse of process, negligence, malicious prosecution, contribution, subrogation, reimbursement and/or contractual or equitable indemnity in any way relating to, or in connection with, the investigation, filing, prosecution, or resolution of the Incident, implementation or administration of this Settlement Agreement, or actions of the Settlement Administrator. For the avoidance of doubt, the Parties agree that the release in this Paragraph 24 does not apply to the routine

administration and operation of the OhDAP program including, but not limited to, the payment of co-payments, deductibles, or fees.

25. Upon the Effective Date, Co-Lead Class Counsel, Class Counsel, and Plaintiffs, and each of them, hereby waive, release, and forever discharge Defendants, Defendants' counsel, and each of them, of and from any and all past, present and future claims, counterclaims, actions, rights or causes of action, liabilities, suits, demands, damages, losses, payments, judgments, debts, dues, sums of money, costs and expenses (including, without limitation, attorneys' fees and costs), accounts, bills, covenants, contracts, controversies, agreements, obligations, or promises, in law or in equity, contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether patent or latent, concealed or overt, direct, representative, class or individual in nature, in any forum that they had, have, or may have in the future arising out of, in any way relating to, or in connection with, the investigation, filing, prosecution, or resolution of the Incident, implementation or administration of this Settlement Agreement, or actions of the Settlement Administrator, including any claims for abuse of process, negligence, malicious prosecution, contribution, subrogation, reimbursement and/or contractual or equitable indemnity in any way relating to, or in connection with, the investigation, filing, prosecution, or resolution of the Incident, implementation or administration of this Settlement Agreement, or actions of the Settlement Administrator.

26. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law,

or any liability of any kind on the part of Defendants or of the validity or certifiability of any claims that have been, or could have been, asserted in the Litigation.

27. This Final Approval Order and Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants or Settlement Class Members seeking to enforce the Settlement Agreement or this Final Approval Order and Judgment (including but not limited to enforce the releases contained herein). The Settlement Agreement and this Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment.

28. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29. The Court hereby dismisses the Litigation and Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30. If the Settlement is terminated according to its terms or if the Effective Date does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement

Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect and the Parties shall return to the status quo ante in the litigation as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

1-30-2020
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE